UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTCHESTER COUNTY,<br><br>                       Plaintiff,<br>   v.<br>BARK, INC., and<br>TALON AIR, LLC,<br>                       Defendants. | **COMPLAINT**<br>**WITH JURY DEMAND**<br><br>Civil Docket No.<br>24-cv-4112 |

Plaintiff WESTCHESTER COUNTY (the "County"), by and through its statutory attorney, John M. Nonna, Esq., Westchester County Attorney, by Sean Timothy Carey, Esq., Associate County Attorney, of Counsel, complaining of defendants BARK, INC. ("Bark"); and TALON AIR, LLC ("Talon") (collectively, "Defendants"), respectfully alleges upon information and belief as follows:

**PARTIES**

1. Plaintiff County is a municipal corporation located in, and existing by virtue of, the State of New York and its laws.

2. Defendant Bark is a foreign limited liability company incorporated in the State of Delaware and an air charter broker operating as an indirect air carrier pursuant to 14 C.F.R. part 380 ("Part 380"), with a principal place of business in New York, New York.

3. Defendant Talon is foreign limited liability company incorporated in the State of Delaware and an air carrier certified by the Federal Aviation Administration ("FAA") pursuant to 14 C.F.R. part 135 (a "Part 135"), with a principal place of business in Farmingdale, New York.

**JURISDICTION & VENUE**

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C.§ 1391(b)(1)–(2).

## RELEVANT FACTS

### I. Westchester County Airport

6. The County owns—and has owned during all relevant periods—the Westchester County Airport (hereinafter, "HPN"). *See* Charter and Administrative Code of Westchester County [hereinafter, the "Laws of Westchester County" or "LWC"] § 712.391.

7. HPN contains, among other facilities, a passenger terminal with four gates (the "Terminal") and three (3) independent fixed-base operators ("FBOs").

8. The Terminal is administered pursuant to the County's local use restrictions, which are codified in the Laws of Westchester County under the heading "Westchester County Terminal Use Procedures" (hereinafter, the "TUP"). *See* LWC § 712.462.

9. The TUP, in addition to setting forth the Terminal's procedures, also sets forth the types of air services that must use the Terminal. *See* LWC § 712.462(1).

10. Since 2005, the TUP has explicitly required that "any air service to or from [HPN] for which seats are individually offered or sold to the public or a segment of the public" on "aircraft designed for more than [nine] (9) passenger seats, including but not limited to, any air carrier or other operator certified . . . under Parts 119, 121 or 135 of the Federal Aviation Regulations, Title 14, Code of Federal Regulations" must operate out of the Terminal (the "Subject Requirement"). *See* LWC § 712.462(1), (2)(a), (j).

### II. Parallel Lawsuit

11. On March 7, 2022, three air carriers offering on-demand charters to and from HPN FBOs—Blade Urban Air Mobility, Inc. ("Blade"); XO Global, LLC ("XO"); and JetsuiteX, Inc. ("JSX") (collectively, the "Parallel Plaintiffs")—commenced a federal lawsuit against the County

2

titled *Delux Public Charter, LLC v. County of Westchester, New York*, No. 22-CV-1930 (PMH) (S.D.N.Y.) (the "Parallel Lawsuit").

12. In their complaint (the "Parallel Complaint"), the Parallel Plaintiffs alleged, *inter alia*, that the TUP is preempted by both the Airport Noise and Capacity Act of 1990 ("ANCA") and the Airline Deregulation Act of 1978 ("ADA"). *See* Parallel Lawsuit, Dkt. No. 1 (Parallel Complaint) ¶¶ 101–15 (ANCA Claim), ¶¶ 116–35 (ADA Claim).

13. On June 19, 2022, the County answered the Parallel Complaint (the "Parallel Answer") and asserted two counterclaims—one for a declaratory judgment confirming that the TUP is not preempted by federal law, the other for a permanent injunction enjoining the Parallel Plaintiffs from violating the TUP. *See* Parallel Lawsuit, Dkt. No. 60 (Parallel Answer) ¶¶ 196–206 (First Counterclaim), ¶¶ 207–12 (Second Counterclaim).

14. On November 30, 2023, the County moved for summary judgment on its first counterclaim for declaratory judgment and for dismissal of the Parallel Complaint. *See* Parallel Lawsuit, Dkt. No. 111 (Notice of Motion for Summary Judgment) at 1.

15. That motion is fully submitted. *See* Parallel Lawsuit, Dkt. Nos. 111–19 (Motion Papers).

16. The parties to the Parallel Lawsuit are now awaiting decision on the County's motion.

**III.   Bark HPN**

17. On April 11, 2024, Bark issued a press release (the "Press Release") in which it "announced it has partnered with a jet charter company to launch BARK Air." *See* Exhibit A (Press Release) at 3.

18. On information and belief, Talon is the jet charter company with whom Bark has partnered.

19. In the Press Release, Bark states that "[a]t launch, routes will serve the New York City metro area via Westchester County Airport (HPN) with flights to the Los Angeles area via Van Nuys (VNY) and London, England via Stansted Airport (STN)" (hereinafter, "Bark HPN"). Exhibit A (Press Release) at 4.

20. The Press Release did not identify the size of the aircraft to be used in Bark HPN. *See generally* Exhibit A (Press Release).

21. However, the Press Release does direct the reader to a website (DogsFlyFirst.com) that provides booking information for individual seat deals on departures from "New York" on aircraft with more than nine (9) passenger seats. *See* Exhibit B (Booking Information) at 2.

22. The County first learned of Bark HPN on Friday, April 12, 2024, when an online article that had picked up the Press Release was forwarded to the County's attention.

23. Neither Bark nor Talon nor any entity associated with the Defendants had reached out to the County or to a County agent to discuss Bark HPN.

24. The following Friday, April 19, 2024, the County mailed Bark a letter notifying it that pursuant to the Subject Requirement, Bark HPN must operate from HPN's Terminal, not an FBO; (ii) requesting, within thirty days of receipt, a statement from Bark setting forth whether Bark HPN "will involve individual seat sales on aircraft with more than nine (9) passenger seats."

25. On Friday, May 17, 2024, Bark notified the County via email that Bark HPN will involve individual seat sales on aircraft with more than nine (9) passenger seats, will operate out of an HPN FBO, and will begin on, Thursday, May 23, 2024 (*i.e.*, the Thursday before Memorial Day Weekend).

26. Bark HPN began on Thursday, May 23, 2024, and its first flight involved individual seat sales on aircraft with more than nine (9) passenger seats that departed from an HPN FBO.

27. Bark HPN violates the TUP's Subject Requirement (*i.e.*, the requirement that "any air service to or from [HPN] for which seats are individually offered or sold to the public or a segment of the public" on "aircraft designed for more than (9) passenger seats, including but not limited to any carrier or other operator certified . . . under Parts 119, 121 or 135 of the Federal Aviation Regulations, Title 14, Code of Federal Regulations" must operate out of the Terminal). *See* LWC § 712.462(1), (2)(a), (j).

28. Neither the TUP nor its Subject Requirement is preempted by ANCA or the ADA.

29. The TUP expressly authorizes "[t]he County to maintain actions in any court of competent jurisdiction to restrain by injunction . . . any attempted Passenger Service in violation of [the TUP]." LWC § 712.462(6)(f).

30. The County is entitled to enforce its duly enacted, decades-old, FAA-approved law.

**AS AND FOR A FIRST CLAIM FOR RELIEF
DECLARATORY JUDGMENT
(28 U.S.C. § 2201 and Fed. R. Civ. P. 57)**

31. The County repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

32. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also* Fed. R. Civ. P. 57 (explicitly cross referencing the Declaratory Judgment Act).

33.     The dispute between Plaintiff and Defendants as to whether Bark HPN violates the TUP is an actual controversy.

34.     The controversy is occurring within this Court's jurisdiction.

35.     As set forth above, the County is authorized to enforce the TUP against Defendants to prohibit Bark HPN, which will involve individual seat sales on aircraft with more than nine (9) passenger seats and which will operate out of an HPN FBO.

36.     The County is entitled to a declaration that the TUP is not preempted by ANCA or the ADA.

37.     The County is entitled to a declaration that the TUP prohibits Bark HPN.

38.     The County is entitled to a declaration that neither Bark nor Talon may offer air service to or from an HPN FBO for which seats are individually offered or sold to the public or a segment of the public on aircraft designed for more than nine (9) passenger seats.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### PERMANENT INJUNCTION
### (28 U.S.C. § 2202 and Fed R. Civ. P. 65)

39.     The County repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

40.     Upon the issuance of a declaratory judgment or decree, "[f]urther necessary or proper relief based on [such] declaratory judgment or decree may grant, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 22 U.S.C. § 2202.

41.     The County hereby requests that the Court enjoin Bark and Talon from violating the TUP by offering air service to or from an HPN FBO for which seats are individually offered

or sold to the public or a segment of the public on aircraft designed for more than nine (9) passenger seats.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### EXPENSES AND COSTS, INCLUDING ATTORNEY'S FEES
### (LWC § 712.651(2))

42. The County repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

43. "Any person who violates any provision contained in [the TUP] must reimburse the Westchester County Airport for any and all expenses incurred by the Westchester County Airport to address any such violation." LWC § 712.651(2).

44. As set forth above, Bark HPN will violate the TUP's Subject Requirement (*i.e.*, the requirement that "any air service to or from [HPN] for which seats are individually offered or sold to the public or a segment of the public" on "aircraft designed for more than (9) passenger seats, including but not limited to any carrier or other operator certified . . . under Parts 119, 121 or 135 of the Federal Aviation Regulations, Title 14, Code of Federal Regulations" must operate out of the Terminal). *See* Relevant Facts § III (titled "Bark HPN") ¶¶ 17–29, *supra*; *see also* LWC § 712.462(1), (2)(a), (j).

45. Despite being notified of same, Defendants still plan to perform Bark HPN in violation the TUP. *See* ¶¶ 24–26, *supra*.

46. The County hereby demands reimbursement of the expenses and costs it has incurred and will incur to address Defendants' violations, including attorney's fees.

### JURY DEMAND

The County hereby demands a jury trial on all issues so triable. *See* Fed. R. Civ. P. 38(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully requested that this Honorable Court enter Judgment:

    a.    Declaring that the TUP is not preempted by ANCA or the ADA;

    b.    Declaring that the TUP prohibits Bark HPN;

    c.    Declaring that neither Bark nor Talon may offer air service to or from an HPN FBO for which seats are individually offered or sold to the public or a segment of the public on aircraft designed for more than nine (9) passenger seats;

    d.    Enjoining Bark and Talon from violating the TUP by offering air service to or from an HPN FBO for which seats are individually offered or sold to the public or a segment of the public on aircraft designed for more than nine (9) passenger seats;

    e.    Awarding County reimbursement of the expenses and costs it has incurred and will incur in litigating the instant dispute, including attorney's fees and

    f.    Awarding such other and further relief that this Honorable Court deems just and proper.

DATED:  White Plains, New York  
           May 30, 2024

**JOHN M. NONNA**  
Westchester County Attorney  
*Counsel for the County*

By: _____  
Sean T. Carey (SC8804)  
Associate County Attorney, of Counsel  
Michaelian Office Building  
148 Martine Avenue, Room 600  
White Plains, New York 10601  
(914) 995-2243  
stca@westchestercountyny.gov§§§