UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTCHESTER COUNTY,<br><br>                            Plaintiff,<br><br>   - against -<br><br>BARK, INC.,<br>TALON AIR, LLC,<br><br>                            Defendants. | **STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**<br><br>Civil Action No.<br>24-cv-4112 (KMK) |

**WHEREAS**, on May 30, 2024, plaintiff Westchester County (the "County") commenced the above-captioned action in the United States District Court, Southern District of New York, by filing a complaint (the "Complaint") against defendants Bark, Inc. ("Bark") and Talon Air, Inc. ("Talon") (collectively, "Defendants") alleging that (a) Defendants are engaging in an air service from the Westchester County Airport ("HPN")—and specifically, its fixed-based operators ("FBOs")—involving the individual offer for sale to the public seats on aircraft designed for more than nine (9) passenger seats on charter flights operated for BarkAir (the "Service") and (b) such Service violates the County's Terminal Use Procedures (the "TUPs"), which is codified at Section 712.462 of the Laws of Westchester County ("LWC"); and

**WHEREAS**, in the Complaint, the County seeks, *inter alia*, (1) a declaratory judgment that the TUPs prohibit the Service; and (2) a permanent injunction enjoining Defendants from violating the TUPs and performing the Service (*see* Complt. ¶¶30–40); and

**WHEREAS**, Defendants deny the County's allegations and contend the County is not entitled to any of the relief it seeks in the Complaint;

**WHEREAS**, the parties are aware that the County is currently engaged in litigation regarding the validity of the TUPs, in *Delux Public Charter, LLC v County of Westchester*, 22-CV-1930 (PMH) (S.D.N.Y.); and

**WHEREAS**, the parties are interested in avoiding unnecessary or duplicative litigation, and have negotiated in good faith for that purpose without further proceedings and without admitting any fault or liability; and

**WHEREAS**, the parties wish to discontinue this action without prejudice by this stipulation of settlement (the "Stipulation");

**IT IS HEREBY STIPULATED AND AGREED** by and between Bark and the County (the "Parties) and their respective counsel as follows:

1. The Parties hereby agree that pursuant to Rule 41 of the Federal Rules of Civil Procedure, this action is dismissed, and discontinued without prejudice as to Defendants. The Parties further agree that the Court expressly retains jurisdiction over the Stipulation.

2. For the Service, Bark has not currently sold to the public more than nine individual seats for human passengers on flights that depart from or arrive at any of HPN's FBOs. Should Bark sell or offer to sell to the public more than nine individual seats for human passengers on any flights that depart or arrive at any of HPN's FBOs, Bark will provide the County with notice of such sale or offer to sell.

3. To ensure compliance with paragraph #2, Bark agrees to provide the County with the number of human passenger seats it sold to the public on each aircraft for Bark's flights into and out of all HPN FBOs on a monthly basis, beginning on the first calendar month after this settlement is signed by the parties and continuing thereafter on the first day of every month.

2

4. So long as Bark does not sell or offer to sell to the public more than nine individual seats for human passengers on flights that depart from or arrive at any of HPN's FBOs, the County agrees that Defendants are not in violation of the TUP.

5. If Bark does sell or offer to sell to the public more than nine individual seats for human passengers on flights that depart from or arrive at any of HPN's FBOs, the County—upon seven days' notice to Defendants by electronic mail—may commence a new action against one or both of the Defendants for the same or similar grounds to those set forth in the Complaint.

6. The limitations and agreements contained herein shall apply to the Parties until and unless the court in *Delux Public Charter, LLC v County of Westchester*, 22-CV-1930 (PMH) (S.D.N.Y.) issues a final, non-appealable court order regarding the TUP's applicability to air carriers that are licensed under either Part 135 or Part 380 of Title 14 of the Code of Federal Regulations.

7. Nothing in the Stipulation shall be construed as an admission or concession of liability whatsoever by either of the Defendants regarding any of the allegations in the Complaint.

8. The Stipulation and the order entered thereupon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce the Stipulation.

9. The Stipulation is deemed to be the product of collaborative drafting, and no provision of the Stipulation shall be construed against any Party.

[*Remainder of Page Intentionally Left Blank*]

10. This Stipulation of Settlement embodies the Parties' entire agreement.

Dated: New York, New York
June 10, 2024

By: /s/ Jessica P. Corley
Jessica Corley (NY Bar #892914)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
(212) 556-2100
jpcorley@kslaw.com

Lisa Bugni
KING & SPALDING LLP
50 California Street
Suite 3300
San Francisco, CA 9411
(415) 318-1234
lbugni@kslaw.com

*Counsel for Bark*

Dated: White Plains, New York
June 10, 2024

By: 
Sean T. Carey (SC8804)
Associate County Attorney, of Counsel
Westchester County Attorney's Office
*Counsel for County Defendants*
148 Martine Avenue, 6th Floor
White Plains, NY 10601
(914) 995-2243
stca@westchestercountyny.gov

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

Dated: White Plains, NY
June 10, 2024

4